**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Bayview Loan Servicing, Inc., Appellant,

v.

Patrick Oden, Suzanne Oden, and Hickory Hill Plantation Community Association, Respondents.

Appellate Case No. 2018-000118

---

Appeal From Charleston County
Mikell R. Scarborough, Master-In-Equity

---

Unpublished Opinion No. 2021-UP-026
Submitted October 1, 2020 – Filed January 27, 2021

---

**AFFIRMED**

---

Magalie Arcure Creech, of Finkel Law Firm LLC, of Charleston, for Appellant.

Paul J. Doolittle, of Jekel Law, LLC, of Mt. Pleasant, for Respondents.

---

**PER CURIAM:** In this civil matter, U.S. Bank Trust, N.A. (U.S. Bank) appeals the master-in-equity's order denying (1) its motion to substitute U.S. Bank for Bayview Loan Servicing, Inc. (Bayview) as the plaintiff in a prior action pursuant

to Rules 17(a) and 25, SCRCP and (2) its motion for relief from judgment pursuant to Rule 60(b)(5), SCRCP. We affirm.

We find the master did not abuse his discretion in denying U.S. Bank's motion to substitute itself as a party. *See Bryant v. Waste Mgmt., Inc.*, 342 S.C. 159, 165, 536 S.E.2d 380, 383 (Ct. App. 2000) (providing that an appellate court will not reverse the master's denial of a motion to substitute absent an abuse of discretion). U.S. Bank moved for substitution over two years after the master dismissed the prior foreclosure action with prejudice. It sought substitution as a plaintiff in an effort to regain the ability to foreclose on the Oden's mortgaged property. The master eliminated that right with a prior order in 2015. Although our rules of civil procedure do not provide a time limitation for the substitution of parties and subsection 25(e) specifically allows for post-judgment substitution, we find the ability to revive an extinguished right of a prior party is not within the purview of Rule 25. *See* Rule 25(c) ("In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."); *Bryant*, 342 S.C. at 164 n.2, 536 S.E.2d at 382 n.2 ("Rule 25(c) is applicable whe[n] there is a transfer of interest *during* the pendency of an action . . . ."); Rule 25(e) ("Substitution of parties under the provision of this rule may be made by the trial court either before or after judgment, or pending appeal, by the appellate court."). Therefore, substitution in the instant case would be improper. Even though U.S. Bank, as Bayview's assignee, is entitled to the outstanding debt on the note, Bayview lost the right to seek recovery through foreclosure. Therefore, U.S. Bank has no right to foreclose the mortgaged property. *See BAC Home Loan Servicing, L.P. v. Kinder*, 398 S.C. 619, 624, 731 S.E.2d 547, 549 (2012) ("An assignee stands in the shoes of the assignor."). Accordingly, we hold the master properly denied U.S. Bank's motion for substitution of the parties.[1]

**AFFIRMED.**[2]

---

[1] Because our finding above is dispositive, we need not address whether the master erred in denying U.S. Bank's Rule 60(b)(5) motion. *See* Rule 60(b)(5) ("On motion and upon such terms as are just, the court may relieve *a party* or his legal representative from a final judgment, order, or proceeding . . . ." (emphasis added)); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**